Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 CR 544 - 5,6 | **DATE** | 4/25/2002 |
| **CASE TITLE** | United States of America vs. Kyser, Barlow | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: For the reasons, we deny the motions of Keith Kyser [233-1], [238-1] and Ronnie Barlow [188-1], [221-1] for a judgment of acquittal or, in the alternative, for a new trial. Sentencings reset to 5/21/2002 @ 9:45 a.m.**

(11) ■ [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| | Notices mailed by judge's staff. | | | APR 29 2002 | |
| | Notified counsel by telephone. | | | date docketed | 233 |
| | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | | |
| TSA | courtroom deputy's initials | | 02 APR 26 AM 10:?? | date mailed notice | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 99 CR 544 |
| ) | |
| KEITH KYSER and RONNIE ) | Wayne R. Andersen |
| BARLOW ) | District Judge |
| ) | |
| Defendants. ) | |

DOCKETED APR 29 2002

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on the motions of defendants Keith Kyser and Ronnie Barlow ("defendants") for judgment of acquittal or, in the alternative, a new trial based upon newly discovered evidence pursuant to Fed.R.Crim.P. 33. For the following reasons, we deny the motions for judgment of acquittal or a new trial.

## BACKGROUND

In their motions, defendants argue that co-defendant Salomon Evans has recanted the substantial core of his grand jury and trial testimony. Before the grand jury and at trial, Evans testified that he was the leader of the charged drug conspiracy and that, during its duration, he purchased and distributed tens of kilograms of cocaine per month with the assistance of his co-defendants. He testified that, in all, over 150 kilograms of cocaine were involved in this conspiracy. Evans pled guilty to being accountable for 150 kilograms of powder cocaine. The case against defendants Keith Kyser and Ronnie Barlow went to trial, and the defendants were convicted.

In an August, 2001 presentence interview with the Probation Officer, however, Evans



claimed that, during the period of the indictment, he had "quit selling for the most part" and estimated that he only distributed between 11 and 12 kilograms of cocaine from 1995 to 1999. Thus, defendants claim that Evans' grand jury and trial testimony contradict the presentence interview and, since the government relied upon Evans' testimony at trial, the defendants are entitled to a judgment of acquittal or, in the alternative, to a new trial.

On January 22, 2002, this Court held a hearing to explore this issue. At that hearing, Mr. Evans testified that his trial and grand jury testimony was true. Mr. Evans explained that, when he spoke with the Probation Officer, he was under the mistaken impression that his proffer letter protected him from being held accountable for all but 11 or 12 kilograms of the over 150 kilograms of cocaine involved in this conspiracy. When Mr. Evans' attorney later explained to him that the proffer letter provided no such protection based upon his guilty plea, Mr. Evans then understood that he could be held responsible for all of the 150 plus kilograms involved in the conspiracy. Mr. Evans testified, however, that his grand jury and trial testimony was never false.

## DISCUSSION

Federal Rule of Criminal Procedure 33 states that "[t]he court on motion of a defendant may grant a new trial to that defendant if required in the interest of justice." Fed.R.Crim.P. 33. However, such motions are disfavored, and courts considering granting them ought to proceed with "great caution." United States v. Kamel, 965 F.2d 484, 490, n.7 (7th Cir. 1992). "[C]onsideration of repose, regularity of decision-making and conservation of scarce judicial resources" mandate a cautionary posture, particularly when, as here, a jury tried the action. Id. at 490. Moreover, alleged recantations of previously given testimony should be viewed by the district court with skepticism and suspicion. See United States v. Griffin, 84 F.3d 912, 929 (7th

Cir. 1996); Kamel, 965 F.2d at 494, n.25.

In determining whether to grant a motion for a new trial, the Seventh Circuit has stated that defendants must show that the new evidence: 1) came to their knowledge only after trial; 2) could not have been discovered sooner had defendants exercised due diligence; 3) is material, and not merely impeaching or cumulative; and 4) would probably lead to an acquittal in the event of a retrial." United States v. Mazzanti, 925 F.2d 1026, 1029 (7th Cir. 1991).

The Seventh Circuit has formulated a more specific standard in situations when the newly discovered evidence purports to refute false trial testimony. Under this test, the evidentiary showing necessary to a successful Rule 33 motion based upon witness recantation is that: 1) the recantation is true; 2) the jury might have reached a different result if the witness in question had testified truthfully; and 3) the witness's false testimony took the defendant by surprise. United States v. Griffin, 84 F.3d 912, 929 (7th Cir. 1996).

We find that Mr. Evans' statements to the Probation Officer do not constitute a "recantation" in the true sense of the word. The version of the offense he told to the Probation Officer after trial was not so contradictory as to constitute a recantation. He did not suddenly claim that he had no involvement in the conspiracy. He merely minimized his role and the amount of the drugs involved after 1995. Every other element of his story stayed the same. In the interview with the Probation Officer, he did not claim that he had no leadership role in the conspiracy. He merely claimed to have a diminished role in very vague and elusive terms.

Moreover, we find Mr. Evans' explanation at the January 22, 2002 hearing to be credible and consistent with his grand jury and trial testimony. Mr. Evans' trial testimony regarding the drug quantities is consistent with his pre-trial proffer statements, his sworn grand jury testimony,

3

and his sworn testimony during the January 22, 2002 hearing. Additionally, Mr. Evans' trial testimony is corroborated by the testimony of witnesses DeWayne Keith and Alex Michaud and the confession of Ronnie Barlow to the police. For these reasons, we do not believe the "recantation" to be true. We believe that Mr. Evans' trial testimony and grand jury testimony were true. Given that the first prong of the Larrison test has not been satisfied, this ends our inquiry.

However, even if we were to reach the second prong of the Larrison test, we do not believe that the jury might have reached a different result if Evans had testified that only 11-12 kilograms of cocaine were involved in the conspiracy. The indictments charged defendants with distribution in excess of five kilograms of cocaine. The jury convicted defendants of distribution in excess of five kilograms of cocaine. Thus, even the lesser amount, the 11-12 kilograms Evans claimed to be responsible for during the presentence interview, is more than double the minimum amount charged in the indictments and found by the jury. Therefore, even if Evans had testified at trial that he and the defendants distributed only 11-12 kilograms of cocaine from 1995 to 1999, the jury would have reached the same result. The jury would have found defendants guilty of distribution in excess of 5 kilograms of cocaine.

For these reasons, we find that Evans' statements during the presentence interview with the Probation Officer do not amount to a credible recantation of his trial and jury grand jury testimony. Moreover, the jury would not have reached a different result had Evans testified that he and defendants only distributed 11-12 kilograms of cocaine during the period in question. Therefore, we deny defendants' motions for a judgment of acquittal or, in the alternative, for a new trial.

4

## CONCLUSION

For these reasons, we deny the motions of defendants Keith Kyser (# 233, #238) and Ronnie Barlow (# 188, 221) for a judgment of acquittal or, in the alternative, for a new trial.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: April 25, 2002